# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| MEGAN BULLARD et. al. | |
| Plaintiffs, | CIVIL ACTION NO. |
| v. | |
| 4D FOODS, INC.; and DANNY STRICKLAND | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

Plaintiffs Megan Bullard, Kyle Mauldin, April Simons, David Gardner, and Jaret Bennett, by and through undersigned counsel, bring this action against 4D Foods, Inc., and Danny Strickland, and state and allege as follows:

## NATURE OF THE ACTION

1. This is an action brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA"), alleging that Defendants failed to compensate Plaintiffs at the federally-mandated minimum wage and overtime premium rates.

2. Plaintiff Megan Bullard also states a claim for retaliation under the FLSA.

## JURISDICTION AND VENUE

3. The Court exercises jurisdiction over Plaintiffs' claims pursuant to 28

1

U.S.C. § 1331 because the claims raise questions of federal law.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 3.4 because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Macon Division of the Middle District of Georgia.

**PARTIES**

5. Defendant 4D Foods, Inc. ("4D Foods") is a Georgia corporation with its principle office located at 128 River Valley Trail, Kathleen, Georgia 31047 according to the Georgia Secretary of State.

6. 4D Foods may be served with process through its registered agent, Danny R. Strickland, at 128 River Valley Trail, Kathleen, Georgia 31047.

7. Defendant Danny Strickland is the Chief Economic Officer and owner of Defendant 4D Foods.

8. Danny Strickland may be served wherever he may be found.

9. Defendants 4D Foods and Danny Strickland own and operate a fast-food restaurant located at 199 S. Second Street, Cochran, Georgia 31014, which goes by the trade name "Wendy's" (the "Cochran Wendy's").

10. Plaintiffs worked for Defendants at the Cochran Wendy's within three years preceding the filing of this Complaint.

## FACTUAL ALLEGATIONS SHOWING THAT DEFENDANTS ARE JOINT EMPLOYERS

11. Defendants are "employers" within the meaning of the FLSA 29 U.S.C. § 203(d).

12. During the three years preceding the filing of this Complaint, Defendants employed Plaintiffs who engaged in interstate commerce or the production of goods for interstate commerce.

13. For example, Plaintiff Megan Bullard used Defendants' computer systems, processed credit card transactions, and sold and prepared food made from ingredients that traveled through interstate commerce.

14. Defendant 4D Foods is an enterprise whose annual gross sales or business done exceeds $500,000.

15. During the past three years preceding the filing of this Complaint, 4D Foods has had one or more employees who handle goods that have traveled in interstate commerce within the meaning of the FLSA.

16. Defendant 4D Foods qualifies as an "employer" within the meaning of the FLSA.

17. "Wendy's" is a trade name used by Defendants.

18. Defendants 4D Foods and Danny Strickland own and operate the Cochran Wendy's.

3

19. Defendants employed Plaintiffs at the Cochran Wendy's.

20. The Cochran Wendy's is an enterprise engaged in commerce or the production of goods for commerce within the meaning of the FLSA.

21. Defendants operate the Cochran Wendy's for the purpose of selling food to customers.

22. During the three years preceding the filing of this Complaint, Defendant Danny Strickland exercised operational control over the Cochran Wendy's.

23. For example, Defendant Strickland determined the compensation practices applicable to Defendants' employees, including Plaintiffs.

24. Defendant Strickland had the authority to make changes to the compensation practices applicable to employees of the Cochran Wendy's, including Plaintiffs.

25. Defendant Strickland had the authority to hire and fire employees of the Cochran Wendy's, including Plaintiffs.

26. Defendant Strickland determined the employment policies applicable to Plaintiffs.

27. Defendant Strickland maintained the employment records of the employees working at the Cochran Wendy's.

28. Defendant Strickland employed Plaintiffs within the meaning of the FLSA.

29. Plaintiffs are or were "employees" of Defendants within the meaning of the FLSA 29 U.S.C. § 203(e).

30. Defendants Danny Strickland and 4D Foods, Inc., jointly employed Plaintiffs.

## FACTUAL ALLEGATIONS IN SUPPORT OF PLAINTIFFS' CLAIMS

31. Defendants own and operate the Cochran Wendy's.

32. The Cochran Wendy's cooks and prepares food items, which it sells to its customers.

33. Plaintiffs worked for Defendants as hourly employees at the Cochran Wendy's within the three years preceding the filing of this Complaint.

34. Plaintiffs' job duties consisted of preparing and cooking food items; running the cash registers; operating the drive-through registers; taking drive-through orders; and cleaning the restaurant for the next day's customers, among other things.

35. Defendants paid Plaintiffs an hourly wage for their hours worked.

36. Defendants used a timekeeping system to track the hours worked by Plaintiffs.

37. However, Defendants removed certain hours from Plaintiffs' time records and did not compensate Plaintiffs for all hours worked.

38. As a result of this practice applicable to all Plaintiffs, Defendants failed to pay Plaintiffs at least $7.25 for all hours worked.

39. Plaintiffs were working during the hours that were removed from Plaintiffs' time records.

40. As a result of Defendants' practice of removing hours from Plaintiffs' time records, Defendants failed to compensate each Plaintiff at a rate not less than $7.25 per hour for all hours worked.

41. By way of further example, Defendants required Plaintiffs to complete training programs as a condition of employment at the Cochran Wendy's.

42. However, Defendants required Plaintiffs to complete certain training programs while not clocked into Defendants' timekeeping system.

43. For example, Plaintiffs were required to complete the training programs at their homes while not clocked in to Defendants' timekeeping system.

44. Defendants' practice of requiring Plaintiffs to complete training programs while not clocked into the timekeeping system resulted in Plaintiffs receiving less than $7.25 per hour for all hours worked.

45. During certain workweeks, Plaintiffs worked hours in excess of 40 per week.

46. However, Defendants did not compensate Plaintiffs at 1.5 times their regular rate of pay for all hours worked over 40 per workweek.

47. For example, Defendants' policy of removing hours from Plaintiffs' time records resulted in Plaintiffs receiving no wages for certain hours worked.

48. Some of the hours Defendants remove from Plaintiffs' time records are hours worked by Plaintiffs in excess of 40 during certain workweeks.

49. By removing and failing to compensate Plaintiffs for certain hours worked in excess of 40 during certain workweeks, Defendants failed to compensate Plaintiffs for all hours worked over 40 at the required overtime premium rate.

50. Defendants failed to keep accurate time records of all hours worked by Plaintiffs.

51. Defendants' failure to record all hours worked by Plaintiffs is a violation of the FLSA's recordkeeping requirement.

52. On or about December 20, 2016, Plaintiff Megan Bullard approached Patrick Taylor, store manager of the Cochran Wendy's, and complained about not being paid for all of the hours she worked.

53. Plaintiff Bullard notified Mr. Taylor that she and other Cochran Wendy's employees had time removed from their time records and had not been paid for all of their hours worked.

54. Plaintiff Bullard also informed Mr. Taylor that she had reported her unpaid wages to the Department of Labor.

55. Mr. Taylor told Plaintiff that she should not complain about her unpaid wages and that further complaints about her unpaid wages would cause her "more harm than good."

56. On December 27, 2016, approximately one week after complaining about her unpaid wages and notifying Defendants that she had reported her unpaid wages to the Department of Labor, Defendants terminated Plaintiff Bullard's employment.

57. Defendants terminated Plaintiff Bullard in retaliation for asserting her rights under the FLSA.

**COUNT I: WILLFUL FAILURE TO COMPENSATE PLAINTIFFS AT THE REQUIRED MINIMUM WAGE**

58. Defendants paid Plaintiffs an hourly wage for certain hours worked.

59. However, Defendants failed to compensate Plaintiffs for all hours worked at the required minimum wage of $7.25 per hour.

60. Defendants removed hours from Plaintiffs' time records such that Plaintiffs did not receive at least $7.25 per hour for all hours worked.

61. By failing to compensate Plaintiffs at the required federal minimum wage, Defendants violated Plaintiffs' rights under the FLSA.

62. Defendants' violation of the FLSA's minimum wage provision was willful.

63. Defendants violated the FLSA with reckless disregard for their obligations under the FLSA.

64. Pursuant to 29 U.S.C. §216(b), Defendants are liable to Plaintiffs for all unpaid wages at a rate not less than $7.25 per hour, liquidated damages, attorney fees and costs.

**COUNT II: WILLFUL FAILURE TO COMPENSATE PLAINTIFFS AT THE REQUIRED OVERTIME PREMIUM RATE**

65. Plaintiffs worked hours in excess of 40 per week during certain workweeks while employed by Defendants.

66. However, Defendants failed to compensate Plaintiffs for all hours worked, including those in excess of 40 per workweek.

67. Defendants failed to compensate Plaintiffs at not less than 1.5 times their regular rate of pay for all hours worked over 40 in a workweek.

9

68. Defendants knew or should have known that Plaintiffs worked hours in excess of 40 for which they were not compensated at 1.5 times their regular rate of pay.

69. Defendants' violations of the FLSA's overtime provision, 29 U.S.C. § 207, were willful.

70. Defendants' violations of the FLSA demonstrate a reckless disregard for Plaintiffs' rights under federal law.

71. Pursuant to 29 U.S.C. § 216(b), Defendants are liable to Plaintiffs for all unpaid overtime wages, liquidated damages, attorney fees and costs.

## COUNT III: RETALIATION

72. Plaintiff Megan Bullard engaged in statutorily-protected activity when she complained to Defendants about Defendants' failure to pay her and other Plaintiffs for all hours worked.

73. Plaintiff Bullard had a good-faith belief that Defendants' failure to pay her and other Plaintiffs for all hours worked was a violation of the law.

74. Defendants terminated Plaintiff, which is an adverse employment action, in retaliation for complaining about not being paid for all hours worked.

75. As a result of Defendants' retaliation, Plaintiff Bullard is entitled to her lost wages, front pay, liquidated damages, attorney fees and costs of litigation.

# DEMAND FOR JUDGMENT

Plaintiffs respectfully requests that the Court:

(a) Declare that Defendants' actions, policies, and practices complained of herein violate the rights of Plaintiffs as secured by federal law;

(b) Enter judgment against Defendants that their violations of the FLSA were willful;

(c) Award all unpaid wages;

(d) Award liquidated damages in an amount equal to Plaintiffs' unpaid wages;

(e) Award reasonable attorney fees, costs, and expenses;

(f) Award Plaintiff Bullard all lost wages, liquidated damages in an amount equal to her lost wages, front pay, attorney fees and costs of litigation resulting from Defendants' unlawful retaliation; and

(g) All other relief to which Plaintiffs may be entitled.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38, Plaintiffs demand a trial by jury.

Respectfully submitted: 3/16/2017


| | |
|---|---|
| | *s/Dustin L. Crawford* |
| MAYS & KERR LLC | Dustin L. Crawford |
| 235 Peachtree Street NE | Georgia Bar No. 758916 |
| North Tower \| Suite 202 | John L. Mays |
| Atlanta, Georgia 30303 | Georgia Bar No. 986574 |
| Telephone: (404) 855-3002 | |
| Facsimile: (404) 855-4066 | |
| dustin@maysandkerr.com | Counsel for Plaintiffs |
| john@maysandkerr.com | |