IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **MEGAN BULLARD et, al,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | 5:17-CV-102 (CAR) |
| | : | |
| | : | |
| **4D FOODS INC., and DANNY STRICKLAND,** | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

**ORDER DENYING MOTION TO APPROVE FLSA SETTLEMENT**

Currently before the Court is the parties' Joint Motion for Court Review and Approval of the Parties' Settlement Agreement. Plaintiffs Megan Bullard, Kyle Mauldin, April Simons, David Gardner, Queene Girtman, and Jaret Bennett, former employees of Defendants 4D Foods Inc., and its owner Danny Strickland, filed suit against Defendants seeking to recover unpaid minimum wage and overtime compensation allegedly withheld from them by Defendants in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. The parties have now agreed to settle the claims and are seeking judicial approval of the

1

settlement agreements as required by *Lynn's Food Stores, Inv. v. United States*.[1] For the following reasons, however, the Motion [Doc. 16] is hereby **DENIED without prejudice** to the parties' right to re-file the Motion in accordance with this Order.

As the parties recognize, there cannot be a private settlement of claims under the FLSA.[2] The FLSA was enacted to protect employees from substandard wages and excessive working hours; its provisions are mandatory and not subject to bargaining between employers and their employees.[3] Thus, settlements must either be approved by the Department of Labor or the district court through stipulation.[4] In this case, because Plaintiffs brought a private action against Defendants, the Court must approve the settlement but only after "scrutinizing the settlement for fairness."[5]

The Court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."[6] "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] . . .

---

[1] 679 F.2d 1350, 1352 (11th Cir. 1982).
[2] *Id.*
[3] *Id.*
[4] *Id.; see also Lee v. Flightsafety Serv. Corp.*, 20 F.3d 428 (11th Cir. 1994).
[5] *Lynn's Food Stores*, 679 F.2d at 1353.
[6] *Id.* at 1353, 1355.

2

the district court may approve the settlement in order to promote the policy of encouraging settlement of litigation."[7]  Here, there are bona fide disputes over FLSA provisions, namely FLSA coverage and the amount of compensation Plaintiffs are entitled to receive.  Having reviewed the settlement agreements, the Court concludes that the settlement terms in the agreement are a fair and reasonable resolution of the bona fide disputes; however, this Court cannot approve the agreements due to the attorney's fees.

Judicial scrutiny of FLSA settlements also encompasses the amount for attorney's fees paid pursuant to those settlements.[8]  "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."[9]  Thus, this Court must review the negotiated amount of attorney's fees to be paid to Plaintiffs pursuant to the settlement agreement for reasonableness.

The law provides that "[a] request for attorney's fees should not result in a second major litigation."[10]  It is "perfectly proper to award attorney's fees based

---

[7] *Id.* at 1354.
[8] *See Siva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009).
[9] *Id.*
[10] *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (internal quotation marks and citation omitted).

solely on affidavits in the record."[11]  "The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with our without the aid of witnesses."[12]

In calculating a reasonable attorney's fee award, the Court must determine the "lodestar," wherein the Court considers the number of hours "reasonably expended" on this litigation multiplied by a "reasonable hourly rate."[13]  Under the settlement agreement in this case, Plaintiffs' attorney will receive a total of $25,500.00 for approximately 78 hours of work expended, which amounts to a rate of $350 per hour.[14]

The Court must evaluate Plaintiffs' requested fee in terms of the appropriate hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."[15] However, the Court is unable to determine the skill level, experience, and reputation of Plaintiffs' counsel as the Court has not received any affidavits attesting to his credentials. In asking the Court to award attorney's fees the "'applicant bears the burden of establishing

---

[11] *Id*.
[12] *Id.* (internal quotation marks and citation omitted).
[13] *Id.* at 1302.
[14] Joint Motion for Settlement, [Doc. 16] at p. 6.
[15] *Norman*, 836 F.2d at 1299.

4

entitlement and documenting' reasonable hours expended and reasonable hourly rates."[16] The Court does find however, based on its own knowledge and experience, that $350 is high for an hourly rate in the Middle District of Georgia. Considering the lack of evidence regarding the skill level of Plaintiffs' counsel, the Court's familiarity with FLSA litigation and attorney's fees in general, the Court cannot find that counsel's hourly rate is reasonable and should be awarded in this case. If the parties submit an amended settlement agreement, Plaintiff's counsel should submit an affidavit with an explanation of how his hourly rate was determined.

## CONCLUSION

In light of the foregoing, the Court hereby **DENIES** without prejudice the parties' Motion to seeking approval of the FLSA Settlement Agreement [Doc. 16]. Within twenty-one (21) days of the date of this Order, (1) the parties must move for this Court's approval of an amended settlement agreement in accordance with this Order, OR (2) Defendants must file their responsive pleading.

---

[16] *Reyes v. Aqua Life Corp.*, 632 F. App'x 552, 556 (11th Cir. 2015) (quoting *ACLU v. Barnes,* 168 F.3d 423, 427 (11th Cir.1999)).

**SO ORDERED** this 24th day of January, 2018.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT
