## SETTLEMENT AGREEMENT
## AND FULL AND FINAL RELEASE OF WAGE AND HOUR CLAIMS

This Settlement Agreement and Full and Final Release (hereinafter, "the Agreement or the Settlement Agreement") is entered into by and between 4D FOODS, INC AND DANNY STRICKLAND, for themselves and their successors, assignees, officers, managers and supervisors (hereinafter collectively referred to as "**Employer**"), and Megan Bullard, Kyle Mauldin, April Simmons, David Gardner, Queene Girtman, and Jaret Bennett (hereinafter referred to as "**Employees**") for themselves, their heirs, successors and assignees.  The parties state as follows:

### Recitals

1. Employees were previously employed by Employer;

2. Employees contend that he or she has worked hours for which he or she has not been compensated, in violation of the Fair Labor Standards Act;

3. Employees contend that he or she is entitled to additional regular and overtime pay, and Employees seek recovery for back pay and liquidated damages;

4. Megan Bullard contends she is entitled to damages resulting from Defendants' alleged retaliatory termination of her employment in violation of the Fair Labor Standards Act;

5. Employer denies Plaintiffs' allegations of unpaid wages and Bullard's allegations that she was terminated in retaliation for engaging in protected activity under the Fair Labor Standards Act;

6. Employer**,** in reaching a compromise resolution of this case agrees to pay Employees for some alleged and/or actual unpaid wages and liquidated damages;

7. There is a bona fide dispute about the total amount of compensation that is owed and the number of hours worked;

8. The parties are entering into this Agreement as a good faith settlement and the

parties believe that the settlement amount is a reasonable settlement of their bona fide dispute;

9.  Employees are represented by counsel, who has reviewed and approved the terms of the settlement and the provisions of this Agreement; and

10. This Agreement represents the settlement of a wage and hour dispute only between Employees and Employer.

<u>**Agreement**</u>

1.  **<u>Consideration</u>**:  Employer agrees to pay the total of $34,000.00 ("Settlement Proceeds") to settle Plaintiffs' claims under the FLSA, which represents good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged. The Settlement Proceeds shall be disbursed as follows:

A.  **As to Megan Bullard**: Employer or its insurance carrier will provide three checks to Megan Bullard:

i.  Employer's insurance carrier, United States Liability Insurance Company will issue a check in the amount of $ 5,645.75 made payable to Megan Bullard which amount is allocated as liquidated damages and for which a 1099 form will be issued;

ii.  Employer will issue a check in the amount of $ 496.88, representing backpay for unpaid overtime, less appropriate deduction for tax purposes, made payable to Megan Bullard and for which a W-2 will be issued;

iii.  Employer's insurance carrier, United States Liability Insurance Company, will issue a check, made payable to Megan Bullard**,** in the amount of $496.88 as liquidated damages on the backpay claim as partial settlement of Employee's claims, and for which a 1099 will be issued.

The sums listed above are inclusive of all backpay and liquidated damages, and payment is in full accord, satisfaction, and final compromise settlement of all disputed wage and hour claims between the parties.  The parties shall bear their own costs with respect to this claim.

B. **As to Kyle Mauldin**:

    **a.** Employer will issue a check in the amount of $ 421.88, representing backpay for unpaid overtime, less appropriate deduction for tax purposes, made payable to Kyle Mauldin and for which a W-2 will be issued;

    **b.** Employer's insurance carrier, United States Liability Insurance Company, will issue a check, made payable to Kyle Mauldin**,** in the amount of $ 421.88 as liquidated damages on the backpay claim as partial settlement of Employee's claims, and for which a 1099 will be issued.

The sums listed above are inclusive of all backpay and liquidated damages, and payment is in full accord, satisfaction, and final compromise settlement of all disputed wage and hour claims between the parties.  The parties shall bear their own costs with respect to this claim.

C.  **As to April Simmons:**

    **a.** Employer will issue a check in the amount of $ 189.38, representing backpay for unpaid overtime, less appropriate deduction for tax purposes, made payable to April Simmons and for which a W-2 will be issued;

    b. Employer's insurance carrier, United States Liability Insurance Company, will issue a check, made payable to April Simmons**,** in the amount of $189.38, as liquidated damages on the backpay claim as partial settlement of Employee's claims, and for which a 1099 will be issued.

The sums listed above are inclusive of all backpay and liquidated damages, and payment is in full accord, satisfaction, and final compromise settlement of all disputed wage and hour claims between the parties.  The parties shall bear their own costs with respect to this claim.

D. **As to David Gardner:**

    **a.** Employer will issue a check in the amount of $ 190.32, which is for backpay for unpaid overtime, less appropriate deduction for tax purposes, made payable to David Gardner and for which a W-2 will be issued;

    **b.** Employer's insurance carrier, United States Liability Insurance Company, will issue a check, made payable to David Gardner**,** in the amount of $ 190.32 as liquidated damages on the backpay claim as partial settlement of Employee's claims, and for which a 1099 will be issued.

The sums listed above are inclusive of all backpay and liquidated damages, and payment is in full accord, satisfaction, and final compromise settlement of all disputed wage and hour claims between the parties.  The parties shall bear their own costs with respect to this claim.

E. **As to Queene Girtman:**

    **a.** Employer will issue a check in the amount of $83.38, representing backpay for unpaid overtime, less appropriate deduction for tax purposes, made payable to Queene Girtman and for which a W-2 will be issued;

    **b.** Employer's insurance carrier, United States Liability Insurance Company, will issue a check, made payable to Queene Girtman**,** in the amount of $83.38 as liquidated damages on the backpay claim as partial settlement of Employee's claims, and for which a 1099 will be issued.

The sums listed above are inclusive of all backpay and liquidated damages, and payment is in full accord, satisfaction, and final compromise settlement of all disputed wage and hour claims between the parties.  The parties shall bear their own costs with respect to this claim.

    F. **As to Jaret Bennett:**

        **a.** Employer will issue a check in the amount of $45.31, representing backpay for unpaid overtime, less appropriate deduction for tax purposes, made payable to Jaret Bennett and for which a W-2 will be issued;

        **b.** Employer's insurance carrier, United States Liability Insurance Company, will issue a check, made payable to Jaret Bennett**,** in the amount of $45.31, as liquidated damages on the backpay claim as partial settlement of Employee's claims, and for which a 1099 will be issued.

The sums listed above are inclusive of all backpay and liquidated damages, and payment is in full accord, satisfaction, and final compromise settlement of all disputed wage and hour claims between the parties.  The parties shall bear their own costs with respect to this claim.

    G. **Attorney Fees and Costs:**  Employer's insurance carrier shall issue one check made payable to Poole Huffman LLC in the amount of $25,500.00 for all attorneys' fees and costs in this matter.

2. **Payment of Settlement Proceeds**: Payment of the Settlement Proceeds is contingent on Court approval of this Settlement Agreement. After the Court approves this Settlement Agreement, Plaintiffs' counsel will collect signatures from the Plaintiffs and return the executed Settlement Agreement to Defendants' counsel. Within 10 days after Defendants' counsel receives the executed Settlement Agreement from Plaintiffs' counsel, Defendants shall send to Plaintiffs' counsel the Settlement Proceeds in the amounts outlined above. Within 5 days of receipt of the

Settlement Proceeds by Plaintiffs' counsel, the Parties shall file with the Court a joint stipulation of dismissal with prejudice.

3.      **Release:** Employees each agree to *waive and release* all claims as follows:

Employees, for him or herself, his or her agents, assigns, heirs, executors, administrators and successors, hereby ***fully, finally and forever release and discharge*** Employer and its insurance carrier, **United States Liability Insurance**, and all of its present or former attorneys, officers, officials, employees, assigns, managers, supervisors, principals and/or agents, from any and all claims, demands, actions, causes of action, suits, damages, losses, costs, expenses and attorneys' fees of any kind and every character whatsoever, whether known or unknown, which any of them have or may have against Employer or its insurance carrier, growing out of or arising from or pertaining to compensation for time worked or payment of wages at, for or by Employer. Employees represent that he or she is unaware of any other claim, demand, action, cause of action or suit for damages against Employer relating to his or her employment and/or a wage and hour claim in connection with employment.  Employee also agrees and acknowledges that Employer is relying upon this representation in entering into this Agreement.

The claims waived and released by Employee include any possible or alleged claims under the Fair Labor Standards Act.  Nothing in this Agreement is intended to waive or release any claim that may arise after this Agreement is executed.

Employees state that he or she is entitled to settle this claim and that no one has transferred or assigned the right and that the pay at issue is not subject to any order of garnishment.  Employees agree to indemnify and hold Employer harmless from any claim by any other person who is determined to have the right or authority to assert any claim on his or her behalf against Employer or by reason of any such transfer or assignment, as described in this Paragraph, and further agree to indemnify and hold Employer harmless from any costs, expenses or damages sustained by

reason of any such claim.  Employees agree that this is the only Agreement that applies to the wages or pay that is set out on the attached document.

Employees and Employer all agree that if the Agreement is breached, the party who prevails in an action shall be entitled to all remedies or damages at law, and in addition thereto, shall be entitled to recover all costs and expenses, including reasonable attorneys' fees, incurred in enforcing any rights hereunder.

4.  **Non-Disparagement:** Employees and Employer all agree that neither party will make any oral or written statements or reveal any information to any person, company, agency or other entity which disparages or damages Employer's reputation or business.  Employer agrees and promises that unless required by law to do so, it will not make any oral or written statements or reveal any information to any person, company, agency or other entity which disparages or damages Employees.

5.  **Choice of Law**: The parties agree that this Agreement is made in the State of Georgia and is controlled by Georgia law.

6.  **Counterparts**: The parties agree that the Agreement is valid even if the signature pages are executed separately.

7.  **Full and Final Agreement**: The Parties represent that this Agreement represents the full ad final agreement between the Parties and that no other agreement has been made between the Parties.

## Medicare Information

Pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007, The Center for Medicare and Medicaid Services must be provided the undersigned's full address, Social Security Number, date of birth, gender, and, if available, his Medicare Health Insurance Claim Number (HICN.) Provision of this information is a condition of this settlement. Spaces have been

provided for each of the **Employees** below for this information.

## Medicare Set Aside

It is further expressly understood and agreed, to the extent applicable, undersigned covenants that he or she will set aside funds necessary in any approved Medicare Set Aside Account, to pay for any anticipated future medical and/or health care needs, for any injury and/or condition that requires treatment that arises from the injuries related and/or caused by the accident in question. In the alternative, undersigned covenants that he does not presently anticipate that he will require medical and/or health care treatment for the injuries and/or conditions related and/or arising from the accident in question. Further, should funds not be placed in an approved Medicare Set Aside Account for undersigned, and care and treatment for injuries and/or conditions reasonably related to the accident is subsequently sought, then undersigned covenants and represents to the Released Parties, their insurance carriers, their attorney and others in privity with them, that undersigned will not submit nor seek payment for said medical care from Medicare and/or any other government funded program. This covenant and representation shall be included as part of the indemnification obligations of undersigned stated herein. It is understood and agreed that the information provided below has been provided to The Centers for Medicare and Medicaid Services pursuant to The Medicare, Medicaid and SCHIP Extension Act of 2007.

[Signatures on following page]

It is understood and agreed that the information provided below has been provided to The Centers

for Medicare and Medicaid Services pursuant to The Medicare, Medicaid and SCHIP Extension

Act of 2007.

## MEGAN BULLARD

**Full Name as it appears on your**
**Social Security Card**

**Social Security Number**

X_____

X_____

(If none, so state)

**Address**

**Date of Birth**

X_____

_____

X_____

**Medicare Health Insurance Claim**
**Number (HICN)**

**Gender**

_____

_____

(If none, so state)

**THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY**
**UNDERSTANDS IT.**

Signed this _____ day of _____, 2017

CAUTION: READ BEFORE SIGNING BELOW

_____

**Megan Bullard, Plaintiff**

_____

**Witness**

**IN WITNESS WHEREOF,** the undersigned have hereunto set their hand and seal this _____

day of _____, 2017

4D Foods

Sign: _____

Print: _____

Title: _____

Danny Strickland

Sign: _____

Print: _____

It is understood and agreed that the information provided below has been provided to The Centers for Medicare and Medicaid Services pursuant to The Medicare, Medicaid and SCHIP Extension Act of 2007.

### KYLE MAULDIN

**Full Name as it appears on your Social Security Card**

X_____

**Address**

X_____

_____

**Medicare Health Insurance Claim Number (HICN)**

_____
(If none, so state)

**Social Security Number**

X_____
           (If none, so state)

**Date of Birth**

X_____

**Gender**

_____

**THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT.**

Signed this _____ day of _____, 2017

CAUTION: READ BEFORE SIGNING BELOW

_____
**Kyle Mauldin, Plaintiff**

_____
**Witness**

It is understood and agreed that the information provided below has been provided to The Centers

for Medicare and Medicaid Services pursuant to The Medicare, Medicaid and SCHIP Extension

Act of 2007.

<u>**APRIL SIMMONS**</u>

**Full Name as it appears on your**      **Social Security Number**
**Social Security Card**


X_____

            X_____
                 (If none, so state)
**Address**            **Date of Birth**

X_____

_____      X_____


**Medicare Health Insurance Claim**    **Gender**
**Number (HICN)**
_____      _____
(If none, so state)

**THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY**
**UNDERSTANDS IT.**

Signed, this _____ day of _____, 2017

CAUTION: READ BEFORE SIGNING BELOW

_____
**April Simmons, Plaintiff**


_____
**Witness**

It is understood and agreed that the information provided below has been provided to The Centers for Medicare and Medicaid Services pursuant to The Medicare, Medicaid and SCHIP Extension Act of 2007.

<u>**DAVID GARDNER**</u>

**Full Name as it appears on your Social Security Card**

**Social Security Number**

X_____

X_____
(If none, so state)

**Address**

**Date of Birth**

X_____

_____

X_____

**Medicare Health Insurance Claim Number (HICN)**

**Gender**

_____
(If none, so state)

_____

**THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT.**

Signed this _____ day of _____, 2017

CAUTION: READ BEFORE SIGNING BELOW

_____
**David Gardner, Plaintiff**

_____
**Witness**

It is understood and agreed that the information provided below has been provided to The Centers

for Medicare and Medicaid Services pursuant to The Medicare, Medicaid and SCHIP Extension

Act of 2007.

### **QUEENE GIRTMAN**

**Full Name as it appears on your**                    **Social Security Number**
**Social Security Card**


X_____

                                       X_____
                                               (If none, so state)

**Address**                                             **Date of Birth**

X_____

_____                                      X_____

**Medicare Health Insurance Claim**                     **Gender**
**Number (HICN)**
_____                                      _____
(If none, so state)

**THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY**
**UNDERSTANDS IT.**

Signed this _____ day of _____, 2017

CAUTION: READ BEFORE SIGNING BELOW

_____
**Queene Girtman, Plaintiff**


_____
**Witness**

It is understood and agreed that the information provided below has been provided to The Centers for Medicare and Medicaid Services pursuant to The Medicare, Medicaid and SCHIP Extension Act of 2007.

<u>**JARET BENNETT**</u>

**Full Name as it appears on your Social Security Card**

**Social Security Number**

X_____

X_____
(If none, so state)

**Address**

**Date of Birth**

X_____

_____

X_____

**Medicare Health Insurance Claim Number (HICN)**

**Gender**

_____

_____
(If none, so state)

**THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT.**

Signed this _____ day of _____, 2017

CAUTION: READ BEFORE SIGNING BELOW

_____
**Jaret Bennett, Plaintiff**

_____
**Witness**