IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MEGAN BULLARD et, al, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | 5:17-CV-102 (CAR) |
| | : | |
| | : | |
| 4D FOODS INC., and DANNY STRICKLAND, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER GRANTING MOTION TO APPROVE FLSA SETTLEMENT

Currently before the Court is the parties' Joint Motion for Settlement Review and Approval of the Parties' Settlement Agreement. Plaintiffs Megan Bullard, Kyle Mauldin, April Simons, David Gardner, Queene Girtman, and Jaret Bennett, former employees of Defendants 4D Foods Inc., and its owner Danny Strickland, filed suit against Defendants seeking to recover unpaid minimum wage and overtime compensation allegedly withheld from them by Defendants in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* The parties have now agreed to settle the claims and are seeking judicial approval of

1

the settlement agreements as required by *Lynn's Food Stores, Inv. v. United States*.[1] As explained below, the Court **GRANTS** the parties' Motion [Doc. 16] and approves the negotiated amount of attorney's fees.

As the parties recognize, there cannot be a private settlement of claims under the FLSA.[2]  The FLSA was enacted to protect employees from substandard wages and excessive working hours; its provisions are mandatory and not subject to bargaining between employers and their employees.[3]   Thus, settlements must either be approved by the Department of Labor or the district court through stipulation.[4]   In this case, because Plaintiffs brought a private action against Defendants, the Court must approve the settlement but only after "scrutinizing the settlement for fairness."[5]

The Court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."[6]  "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] . . . the district court [may] approve the settlement in order to promote the policy of

---

[1] 679 F.2d 1350, 1353 (11th Cir. 1982).
[2] *Id.*  at 1352.
[3] *Id.*
[4] *Id.* at 1353.
[5] *Id.*
[6] *Id.* at 1355.

encouraging settlement of litigation."[7]  Here, there are bona fide disputes over FLSA provisions, namely FLSA coverage and the amount of compensation Plaintiffs are entitled to receive.  Having reviewed the settlement agreements, the Court concludes that the settlement terms in the agreement are a fair and reasonable resolution of the bona fide disputes.

Judicial scrutiny of FLSA settlements also encompasses the amount for attorney's fees paid pursuant to those settlements.[8]  "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."[9]  Thus, this Court must review the negotiated amount of attorney's fees to be paid to Plaintiffs pursuant to the settlement agreement for reasonableness.

The law provides that "[a] request for attorney's fees should not result in a second major litigation."[10]  It is "perfectly proper to award attorney's fees based solely on affidavits in the record."[11]  "The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience

---

[7] *Id.* at 1354.

[8] *See Siva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009).

[9] *Id.*

[10] *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (internal quotation marks and citation omitted).

[11] *Id.*

concerning reasonable and proper fees and may form an independent judgment with our without the aid of witnesses as to value."[12]

In calculating a reasonable attorney's fee award, the Court must determine the "lodestar," wherein the Court considers the number of hours "reasonably expended" on this litigation multiplied by a "reasonable hourly rate."[13]   Under the settlement agreement in this case, Plaintiffs' attorney will receive a total of $25,500.00 for over 78 hours of work expended, which after subtracting fees advanced by Plaintiffs' counsel, amounts to a rate of approximately $268 per hour.[14]

First, the Court must evaluate Plaintiffs' requested fee in terms of the appropriate hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."[15] Having considered and weighed the evidence, counsel's experience in the areas of the applicable law,

---

[12] *Id.*

[13] *Id.* at 1302.

[14] Plaintiffs' counsel originally requested attorney's fees of $27,405—his customary hourly rate of $350 for 78.3 hours. However, Defendants agreed to $25,500. Plaintiffs' counsel avers that after a deduction of $520 advanced fees, the additional hours Plaintiffs' counsel spent negotiating the settlement, and the time Plaintiffs' counsel will spend administering the settlement, $25,500 amounts to approximately $268 an hour. Plaintiffs' counsel asserts he "agreed to accept less than his customary rate to expedite settlement and avoid the unnecessary exercise of a contested fee petition." [Doc. 18] at p. 6-7.

[15] *Norman*, 836 F.2d at 1299.

4

and the Court's familiarity with FLSA litigation and attorney's fees in general, the Court finds that counsel's hourly rate is reasonable and should be awarded in this case.

Next, this Court must evaluate Plaintiffs' requested fee for reasonableness in terms of the total number of hours expended by counsel.  Plaintiff's counsel requests an award for over 78 hours expended in this litigation. Having considered and weighed the evidence, this Court finds the hours spent on this case to be reasonable.  Moreover, Defendants have no objection to the number of hours Plaintiffs' counsel spent litigating this case.  Thus, this Court finds that the attorney's fees and costs of litigation to be paid under the settlement agreement are reasonable and do not taint the amount Plaintiffs agreed to accept in settlement of their FLSA claims.

## CONCLUSION

In light of the foregoing, the Court hereby **GRANTS** the parties' Joint Motion for Settlement Review and Approval [Doc. 18], and approves the negotiated amount of attorney's fees to be paid to Plaintiffs' counsel. This case is administratively closed; the parties are hereby directed to contact the Court once the settlement agreement has been fully performed and the case will be dismissed.

**SO ORDERED** this 28th day of February, 2018.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT